UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JANELLE PASCENTE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:13-cv-01520-SLD-JEH |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

ORDER

Before the Court is United States Magistrate Judge Jonathan Hawley's Report and Recommendation, ECF No. 19, that was filed with the Court on February 20, 2015. Plaintiff Janelle Pascente filed her Objection to Magistrate Judge's Report and Recommendation, ECF No. 20, on March 9, 2015. The Government filed its Response to Plaintiff's Objection to the Report and Recommendation, ECF No. 21, on March 16, 2015. For the reasons that follow, the Report and Recommendation is ADOPTED.

I.  **Legal Standard**

Courts may accept, reject, or modify (in whole or in part) the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The objected-to portions of the report are reviewed *de novo*. *Id*. In other words, the court reviews the ALJ's legal conclusions *de novo*, *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007), and affirms the ALJ's factual determinations if they are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *id*. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). "The ALJ is not required to address every

piece of evidence or testimony presented, but must provide a 'logical bridge' between the evidence and the conclusions . . . ." *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010). The court may not reweigh evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). The unobjected portions of the report are reviewed for clear error. *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

**II.     Analysis**

On July 7, 2012, the ALJ found that Plaintiff had the "residual functional capacity" ("RFC") to perform sedentary work, AR 35,[1] despite also finding that Plaintiff suffered severe impairments fibromyalgia, osteoarthritis, diabetes mellitus, hypertension, obesity, headaches, GERD, degenerative changes of right wrist, status post recurrent hernia repair, status post right shoulder arthroscopy, and vertigo, AR 22-23. The ALJ found, pursuant to 20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a), that there were a significant number of jobs in the national economy that Plaintiff could perform, AR 34–35, and thus denied her claim for benefits, AR 35.

Plaintiff lists six objections to Magistrate Judge Hawley's Report and Recommendation ("R&R") that fall into three general categories: (1) the ALJ failed to give controlling weight to Plaintiff's treating physician; (2) the ALJ failed to consider how the combination of impairments affected Plaintiff; and (3) the ALJ's credibility determinations were not supported by the record and adversely affected Plaintiff's residual functional capacity.

The Court concludes that the ALJ's decision to not give controlling weight to Plaintiff's treating physician was well articulated. Plaintiff has not refuted the ALJ's finding that the

---

[1] References to the Administrative Record are identified as AR [page number]. The Administrative Record appears in the docket as ECF Nos. 9, 10.

treating physician failed to identify "specific limitations . . . that would preclude all work activity." AR 32. The ALJ detailed several years of medical evidence, which demonstrates that she considered all the factors required under the regulations.[2]

The Court also concludes, based on the ALJ's explicit acknowledgment of Plaintiff's "multiple severe impairments" that she considered "both singly and in combination," AR 32, and lengthy medical history summary, AR 26–33, that the ALJ properly considered Plaintiff's "systemic disease with her severe joint degeneration." Pl. Obj. 11.

Last, the Court finds that Plaintiff's objections attacking the ALJ's credibility assessments are not well taken. The ALJ found, after listening to Plaintiff's testimony and reviewing the medical records, that some of Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms [were] not credible to the extent they [were] inconsistent with the above residual functional capacity assessment." AR 26. "The claimant did indeed present with some objective findings and in accordance has been limited to a restricted range of sedentary work. However, as noted her range of motion, strength and sensation were largely intact." AR 32. The Court finds the ALJ's credibility determinations were supported by substantial evidence and the resulting RFC was appropriate. After all, the ALJ is "required only to incorporate into [her] hypotheticals those impairments and limitations that [she accepts] as credible." *Simila v. Astrue*, 573 F.3d 503, 521 (7th Cir. 2009).

The Court finds that the remainder of the Report and Recommendation does not contain clear error. *See Zema*, 170 F.3d at 739. Having reviewed and considered the Report and

---

[2] A treating physician's opinion as to the nature and severity of an impairment is given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). If not given controlling weight, the ALJ's assessment will depend upon the "[l]ength of the treatment relationship and the frequency of examination," "[n]ature and extent of the treatment relationship," and how the opinion is supported. 20 C.F.R. §§ 404.1527(c)(2)(i), (c)(2)(ii), (c)(3).

Recommendation, together with the entire record, the Court concurs with the recommendation of the Magistrate Judge for the reasons set forth in his Report and Recommendation. Accordingly, the Report and Recommendation of the Magistrate Judge, ECF No. 19, is ADOPTED. Plaintiff's Motion for Summary Judgment, ECF No. 13, is DENIED, and Defendant's Motion for Summary Affirmance, ECF No. 16, is GRANTED.

Entered this 31st day of March, 2015.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE